IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO.: 1:08cr10-SPM/AK

DENNIS FRISKE,

    Defendant.
_____/

## ORDER DENYING MOTION TO SUPPRESS

Defendant Friske's amended motion to suppress (doc. 252) was heard on May 27, 2009. Both sides were given the opportunity to file supplemental materials after the hearing. The Court has reviewed all materials, including the three telephone calls contained in Defendant's Exhibit 1 (also introduced as Government's Exhibit 2). For the following reasons, the motion will be denied.

**1.     Miranda**

"[P]re-custodial questioning does not require Miranda warnings." United States v. Street, 472 F.3d 1298, 1309 (11th Cir. 2006). Defendant was not in custody for Miranda purposes, which contemplates "formal arrest or restraint on freedom of movement of the degree associated with formal arrest." Id. (quoting California v. Beheler, 463 U.S. 1121, 1125 (1983)). The standard is objective

and based on the perspective of a "reasonable innocent person."  Id.   It is not determined by a defendant's subjective belief.  Id.

Throughout the agents' encounter with Defendant, their weapons remained holstered, they did not physically restrain Defendant, and did not use language or a tone that a reasonable person would equate with compelled commands.  See id. (identifying these factors as ones to be considered in determining whether a person is in custody).  At no time did the agents tell Defendant that he was under arrest or that he was otherwise not free to leave.  Defendant acknowledged in his signed, written consent form that he had not be threatened or forced in any way and that he freely consented.  Doc. 269-3.  From the standpoint of a reasonable innocent person, Defendant was not in custody so as to require Miranda warnings.  Accordingly, his motion to suppress as to this ground will be denied.

### 2. Consent to Search Truck

It is the Government's burden to show that Defendant's consent to search was voluntary.  Schneckloth v. Bustamante, 412 U.S. 218, 222 (1973).  "Voluntariness is a question of fact to be determined from all the circumstances . . . ."  Id. 248-49.  Although no bright-line rule applies, some factors to consider are whether the defendant was free to leave, the existence of coercive police procedure, the extent of the defendant's cooperation or awareness of a right to refuse consent, the ability of the defendant to refuse consent, the extent of the

defendant's education and intelligence, and whether the defendant believed that no incriminating evidence would be found.  United States v. Ramirez-Chilel, 289 F.3d 744, 752 (11th Cir. 2002).  Consideration of these factors shows that Defendant's consent to search was not the result of coercion or duress and was voluntarily given.

First, Defendant was free to leave in the sense that he was not under formal arrest at the time he gave his consent to search.  Second, no coercive procedures were used to obtain consent.  The agents' firearms remained holstered.  Communication between Defendant and the agents remained calm and polite. Third, the degree of Defendant's cooperation or awareness of a right to refuse consent, and his ability to refuse consent, indicates that the consent was voluntary.  Defendant gave consent to search and signed a written form that acknowledged:

> 1. I HAVE BEEN ASKED TO PERMIT SPECIAL AGENTS OF THE DRUG ENFORCEMENT ADMINISTRATION TO SEARCH: (Describe the person, places or things to be searched.)
>
>    2008 Chevy Uplander LT Van (Silver)
>    VIN: 1GNDV33118D204875
>    Tag: ACR 7386 Georgia
>
> 2. I HAVE NOT BEEN THREATENED, NOR FORCED IN ANY WAY.
>
> 3. I FREELY CONSENT TO THIS SEARCH.

Doc. 269-3.  Although the form does not expressly inform Defendant that he could refuse consent, that fact is easily inferred from the language on the

consent form which asks permission to search, acknowledges the lack of threat or force, and acknowledges that consent is given freely.

Fourth, there is nothing about Defendant's education and intelligence to indicate he did not understand that he was being asked for consent to search. He engaged in conversations with the agents and was not impaired.

Finally, Defendant believed that no incriminating evidence would be found. He maintained that he had legitimate reasons for being on the property and had permission to retrieve personal items that belonged to Erickson and Quintana. Defendant insisted that he had done nothing wrong and allowed the agents to look through his van to see for themselves.

Upon consideration of all the circumstances surrounding Defendant's consent, the Court finds that Defendant's consent was voluntary.  The consent was not the result of coercion or duress, express or implied.  Accordingly, Defendant's motion to suppress on this ground will be denied

Based on the foregoing, it is

ORDERED AND ADJUDGED: the motion to suppress (doc. 252) is denied.

DONE AND ORDERED this 29th day of May, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

CASE NO.: 1:08cr10-SPM/AK