IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                       CASE NO.: 1:08cr10-SPM

DENNIS FRISKE,

     Defendant.

_____/

## ORDER DENYING RENEWED MOTION FOR SEVERANCE

This cause comes before the Court on Defendant Friske's Renewed Motion for Severance (doc. 304) and Motion for In Camera Inspection and Consideration of Sealed Affidavit of William Erickson (doc. 307). The Government has filed a response in opposition (doc. 315) that addresses timeliness issues and incorporates by reference the Government's response to the original motion (doc. 284).

The defendant seeking to sever based on exculpatory testimony from a co-defendant must disclose the substance of the testimony, show a true need for it, explain its exculpatory effect, and demonstrate that the co-defendant is likely to testify if a severance is granted. United States v. Cobb, 185 F.3d 1193, 1197 (11th Cir. 1999). The court must then assess how significant the testimony is to

the theory of defense, determine the prejudice to the defendant if the testimony is not given, consider the efficiency and economy of a joint trial, and consider the timeliness of the motion.  Id.

Friske's motion is not timely.  Even if copies of videotapes and recordings were not made for Friske, the materials available to him were sufficient to seek a severance earlier.  This motion was filed on the Friday afternoon before a Monday trial.  Trial is expected to last 5 days and involves 5 defendants.  If a severance were granted, substantial resources would be expended to try Friske separately.  As a practical matter, given the trial preparations made by the co-defendants, Friske's trial would necessarily occur after Erickson's.[1]

The Court has reviewed Erickson's sealed affidavit in conjunction with Friske's theory of the case–"that he was on ERICKSON's property because ERICKSON had asked him to collect his personal possessions and make repairs."  Doc. 304 ¶ 12.  The communications that the Government intends to present in the case against Friske speak for themselves.  Friske will be able to present his theory of the case to the jury without Erickson's testimony regarding the meaning of the conversations.  There are no specific exonerative facts that Erickson could provide that would make Erickson's testimony significantly

---

[1] The Court denied Friske's first motion to sever in part because Erickson's testimony was conditioned on Friske's trial taking place after his own. See docs. 256 and 289.

CASE NO.: 1:08cr10-SPM

exculpatory so as to justify a severance.  Accordingly, it is

    ORDERED AND ADJUDGED:

    1.    The motion for in camera inspection and consideration (doc. 307) is granted.

    2.    The renewed motion for severance (doc. 304) is denied.

    DONE AND ORDERED this 30th day of May, 2009.


    *s/ Stephan P. Mickle*
    Stephan P. Mickle
    United States District Judge