IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO.: 1:08cr10-SPM

DENNIS FRISKE,
  a/k/a Denny,

       Defendant.
_____/

## ORDER DENYING MOTION FOR NEW TRIAL

This cause comes before the Court on Defendant Friske's Motion for New Trial (doc. 358) and the Government's response (doc. 362). Defendant argues that he is entitled to a new trial based on various rulings made by the Court, which Defendant contends were in error. Although the Court stands by its prior rulings and finds that no miscarriage of justice has occurred, a brief discussion is warranted to address some matters that are confused in Defendant's motion.

The focus of Defendant's first motion to sever (doc. 246) were letters and conversations between Defendant and co-defendant Erickson. Defendant sought a severance because he would not be able to cross-examine Erickson about these conversations. Defendant also sought a severance because

Erickson had agreed to testify at Defendant's trial, provided the trial took place after his own. The court properly denied the motion to sever because the statements made by Erickson in his conversations with Defendant were admissible against Defendant, even in a separate trial. Also, Erickson had conditioned his offer to testify, which raised serious doubts about whether Erickson would in fact testify and waive his right against self incrimination.

The second motion to sever (doc. 304) was filed on the Friday afternoon before the Monday trial. The focus of this motion was the renewed offer of Erickson to testify at Defendant's trial. This time some detail was provided and Erickson did not insist that he be tried before Defendant. The motion also addressed calls made between Erickson and Erickson's mother. Defendant stated that these calls would be admissible against Defendant if "the government [could] establish, by independent means, a conspiracy between ERICKSON and Defendant." The Court properly denied the motion to sever after weighing the factors to consider when a severance is sought to obtain exculpatory testimony from a co-defendant. The Court did not address the admissibility of the calls between Erickson and his mother.

In a separate motion in limine (doc. 283) Defendant sought to exclude calls between Erickson and his mother, and calls between Erickson and other persons besides Defendant. The Government responded that these calls were not being introduced against Defendant. The Court gave an appropriate limiting

instruction numerous time throughout the trial. This instruction covered the evidence that Defendant characterizes as 404(b) evidence. Contrary to Defendant's argument, the Court did not rely on this evidence in denying Defendant's motion for judgment of acquittal.

With regard to Defendant's argument on completeness, Defendant has not identified any other part of the recordings that should have been played to qualify, explain, or place into context the portions of the recordings that were played at trial. With regard to duplicity, the Court finds that the indictment properly charged Defendant with one offense under Title 18, United States Code, Section 1512(c)(2), which covers attempts to hide or dispose of assets subject to forfeiture. United States v. Wall, No. 07-10469, 285 Fed. Appx. 675, 683-84, 2008 WL 2795145 at *8 (11th Cir. July 21, 2008).

With regard to Defendant's motion for judgment of acquittal, the circumstantial evidence against Defendant included the fact that he was searching for something under the deck, which turned out to be buried money. Defendant was using a map that was disguised as an "S&P Index Chart" and had been sent to him by Erickson from jail where Erickson was being held on drug charges. When confronted by law enforcement, Defendant denied searching for anything under the deck and claimed that he was making repairs. But law enforcement officers found no sign of repairs. The evidence was sufficient for the jury to find that Defendant was aware that the item he was

searching for was money that was subject to forfeiture as drug proceeds.

A court may grant a new trial under Federal Rule of Criminal Procedure 33 "if the interest of justice so requires." Fed. R. Crim. P. 33. A trial court enjoys broad power to a grant a new trial if it concludes that a miscarriage of justice has occurred. <u>United States v. Hall</u>, 854 F.2d 1269, 1271 (11th Cir. 1988). In this case, no miscarriage of justice has occurred. Accordingly, it is

ORDERED AND ADJUDGED: Defendant's Motion for New Trial (doc. 358) is denied.

DONE AND ORDERED this 31st day of August, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge