IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO.: 1:08cr10-SPM

DENNIS FRISKE,

                Defendant.
_____/

## ORDER DENYING MOTION TO STAY
## EXECUTION OF SENTENCE PENDING APPEAL

THIS CAUSE comes before the Court on Defendant's Motion to Stay

Sentence and to Grant Bond on Appeal (unopposed by probation). Docs. 434

and 435.[1] The Government has filed responses in opposition. Docs. 436 and

437.

The standard for release of a convicted defendant pending appeal is set

forth in Title 18, United States Code, Section 3143(b). Under the standard,

detention pending appeal is required unless the court finds:

> (A) by clear and convincing evidence that the person is not likely
> to flee or pose a danger to the safety of any other person or the
> community if released . . . and

_____

[1] The motion was filed in two separate docket entries, but they appear to
be identical.

   (B) that the appeal is not for the purpose of delay and raises a
substantial question of law or fact likely to result in–
      (i)   reversal,
      (ii)  an order for a new trial,
      (iii) a sentence that does not include a term of imprisonment, or
      (iv) a reduced term of imprisonment less than the total of the time
         already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).

Defendant meets subsection A of this standard.  He is not a flight risk and

he does not pose a danger to any other person or the community.  The probation

office does not oppose Defendant's continued bond.  The Government has not

made an argument with regard to flight or danger.

Defendant does not, however, meet subsection B of this standard.  A

"substantial question" under subsection B of this standard is "a 'close' question

or one that could very well be decided the other way."  United States. v.

Giancola, 754 F.2d 898, 901 (11th Cir. 1985).  It must be "one of more

substance than would be necessary to a finding that it was not frivolous."  Id.

Defendant argues that his conviction is likely to be reversed on appeal

because the evidence is not sufficient to support his conviction for attempting to

obstruct a forfeiture proceeding, in violation of Title 18, United States Code,

Section 1512(c)(2).  Specifically, Defendant argues that the evidence failed to

show (1) that there was a pending forfeiture proceeding and (2) that Defendant

acted with specific intent to subvert, impede, or obstruct a forfeiture proceeding.[2]
Both are elements of the offense.

To obtain a reversal of his conviction, Defendant must show that no reasonable jury could find that the evidence established Defendant's guilt beyond a reasonable doubt.  United States v. Starrett, 55 F.3d 1525, 1541(11th Cir. 1995).   The evidence is viewed in the light most favorable to the Government and all reasonable inferences are drawn in favor of the jury's verdict."  Id.  "[T]he jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial."  Id.

Defendant has not demonstrated that his appellate issue presents a substantial question.  At trial, the Government presented evidence of a large scale marijuana grow operation that yielded assets to John Sager and William Erickson in the form of cash, automobiles, and airplanes.  These assets were subject to forfeiture because they came from illegal drug proceeds.

After the charges were filed against Erickson, Defendant traveled from his home in Barneveld, Wisconsin to Erickson's home in Williston, Florida.  He was found searching for something under Erickson's deck.  Defendant was using a

---

[2]  Specific intent of a principal cannot be imputed to others on an aiding and abetting theory.  A conviction under an aiding and abetting theory requires proof that the defendant assisted the principle in the commission of the crime and that the defendant had specific intent of his own that matches the specific intent of the principle.  United States v. Schwartz, 666 F.2d 461, 463 (11th Cir. 1982).

map that was disguised as an "S&P Index Chart" that Erickson sent to him from jail. When confronted by law enforcement, Defendant denied searching for anything under the deck and claimed that he was making repairs. Law enforcement officers found no sign of repairs, nor did they find any damage to the deck that would require repair. Law enforcement had previously searched under the deck and recovered three sealed tubes containing $380,000.00 in cash.

The evidence was sufficient for the jury to find that there was a forfeiture proceeding and that Defendant acted with specific intent to subvert, impede, or obstruct a forfeiture proceeding. The reasonableness of the jury's verdict does not present a substantial appellate issue. Accordingly, it is

ORDERED AND ADJUDGED:

1. Defendant's Motion to Stay Sentence and to Grant Bond on Appeal (docs. 434 and 435) is denied.

2. Defendant's motion for leave to file a reply (doc. 443) is denied. The Court has, however, considered the arguments contained in the motion (doc. 443).

DONE AND ORDERED this 7th day of October, 2009.

_s/ Stephan P. Mickle_

Stephan P. Mickle
Chief United States District Judge

CASE NO.: 1:08cr10-SPM